USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YEAMIN ARAFAT and THATYANA M. PERALTA,

               Plaintiffs,

-against-

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

               Defendant.

---

25-CV-08901 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiffs filed a complaint in the Eastern District of New York on August 25, 2025, against Defendant the United States Citizenship and Immigration Services ("USCIS" or the "Government"). Dkt. No. 1. In EDNY, Judge Irizarry repeatedly admonished and warned Plaintiffs to abide by court orders. As just one example, on August 28, 2025, Judge Irizarry "again reminded [Plaintiff's counsel] that he must serve a copy of the summons and of the complaint . . . on the United States Attorney's Office for the Eastern District of New York and other entities listed in Federal Rule of Civil Procedure 4(i)." On September 23, 2025, AUSA Thomas Russell Price appeared on behalf of USCIS. Dkt. No. 8. His appearance specified it was "made without waiver to service." *Id.* The matter was transferred to the Southern District of New York by stipulation on October 27, 2025. Dkt. No. 10. Notably, the stipulation also specified that Defendant was not waiving service. *Id.* On November 26, 2025, the Court ordered Plaintiffs to file proof of service on or before Wednesday, December 10, 2025. Dkt. No. 15. The Court's Order provided that, if the Government intended to waive service, it needed to file a letter so stating by December 10, 2025. *Id.* "If neither waiver nor proof of service is filed by

that deadline, the Court will dismiss this action without prejudice and without further notice to either party." *Id.*

Plaintiffs did not file proof of service by the December 10, 2025 deadline. Nor did the Government waive service. Furthermore, well over 90 days have passed since Plaintiffs filed their complaint.

Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a defendant within 90 days of a complaint being filed. Otherwise, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Rule 4(m) requires the Court to "extend the time for service for an appropriate period" if a plaintiff shows "good cause" for failing to serve a defendant. Fed. R. Civ. P. 4(m). Federal Rule of Civil Procedure 4(i), meanwhile, governs service on the United States and its agencies, corporations, officers, or employees. In actions against an agency, a plaintiff must serve the United States by delivering a copy of the summons and complaint to the United States Attorney's Office for the district where the action is brought and send "a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). The rule mandates that a court "allow a party a reasonable time to cure its failure" to serve an agency "if the party has served either the United States Attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4).

More than ninety days have elapsed since Plaintiffs filed their complaint. The Court has little trouble determining that Plaintiffs have failed to serve Defendant in the interim. Numerous orders, in both EDNY and this district, have directed Plaintiffs to serve Defendant and file proof of service on the docket. Those orders have gone unheeded. The Court's November 26, 2025

2

Order expressly warned Plaintiffs that the Court would dismiss this action absent some indication that Plaintiffs effectuated service. Tellingly, Plaintiffs have come forth with nothing showing that they served either the United States Attorney's Office or USCIS. Both the appearance form of Defendant's counsel and the parties' stipulation transferring this case highlighted that Defendant was not waiving service, indicating that service has not been completed. Neither counsel has come forward to advise the Court—in light of its November 26, 2025 Order—that Plaintiffs have successfully completed service, nor have Plaintiffs sought additional time.

There is no basis to further extend Plaintiffs' time to serve Defendant. Neither of the expressly permitted exceptions apply, as Plaintiffs have failed to show any cause, let alone "good cause," for failing to make service in the time required under Rule 4(m). And Plaintiffs have served neither the United States Attorney's Office nor the Attorney General, therefore the Court need not give additional time for Plaintiffs to serve USCIS. *See* Fed. R. Civ. P. 4(i)(4).

Nor is a discretionary extension appropriate. "In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable status of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Nevertheless, "the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint within the [time period] provided by the rule." *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (quoting *Coleman v. Milwaukee Bd. Of Sch. Dirs.*, 290 F.3d 932, 934 – 35 (7th

Cir. 2002)). And a plaintiff must ordinarily "advance some colorable excuse for neglect" before the Court will provide a discretionary extension. *Id.* at 198.

Plaintiffs have offered no explanation for their failure to serve Defendant within 90 days of filing the complaint (now over 110 days ago), or why a discretionary extension would be appropriate. Their failure to serve is especially notable because Defendant is an agency of the U.S. Government with a fixed address, designated counsel, and a tailored rule explaining exactly how Plaintiffs could effectuate service. Considering the four factors outlined in *DeLuca*, the Court declines to further extend Plaintiffs' time to serve..[1]

The case is dismissed without prejudice and the Clerk of Court is respectfully directed to close this case.

Dated:  December 18, 2025
        New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] That Defendant has appeared does not alter the Court's analysis. Federal Rule of Civil Procedure 4(m) is clear the Court "must" either dismiss the action or provide additional time to serve if a defendant is not served within 90 days after the complaint is filed. It does not include a carveout if a defendant appears. And other judges in this district have dismissed for failure to serve within the proscribed period even where defendants have appeared. *See, e.g., Melendez v. City of New York*, No. 12-CV-09241 (AJN), 2014 WL 68655697, at *1 (S.D.N.Y. Dec. 4, 2014) (dismissing case *sua sponte* "for failure to serve the Defendants pursuant to Federal Rule of Civil Procedure 4(m)"); *see also Melendez v. City of New York*, No. 12-CV-09241 (AJN), Dkt. No. 41 (Mar. 17, 2014) (notice of appearance on behalf of defendants). *See also Sander v. Off. Of Comptroller of Currency*, No. 15-CV-05879 (VSB), 2016 WL 11951030, at *5 (S.D.N.Y. Sept. 29, 2016) (commenting that "valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant").

4